**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-rj-11

CHARLOTTE B. MILLINER,

      Plaintiff,

v.

THOMAS H. BOCK; and
MARY C. EVANS,

      Defendants.

---

**PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING
POST-JUDGMENT DEPOSITIONS**

---

Plaintiff Charlotte B. Milliner, through her undersigned counsel, submits her *Ex Parte* Motion for Order Authorizing Post-Judgment Depositions as follows:

**Certificate of Compliance**

This Motion is filed *ex parte* in accordance with Fed. R. Civ. P. 69(a)(2) and Colo. R. Civ. P. 69(i).

**Background**

1. In January 2020, a panel of Financial Industry Regulatory Authority ("FINRA") arbitrators issued an arbitration award in favor of Plaintiff and against Defendants Thomas H. Bock and Mary C. Evans. *See* Exhibit 1: FINRA Award.

2. The arbitration award provides that Defendants shall be "jointly and severally liable for and shall pay to [Plaintiff] the sum of $773,527.13 in compensatory damages." *Id.* at 3.

3. Defendants failed to pay Plaintiff the damages awarded by the FINRA arbitrators.

4. Consequently, Plaintiff filed an action against Defendants in the U.S. District Court for the Northern District of California in order to have the arbitration award confirmed. *See Milliner v. Bock et al.*, Civil Action no. 20-cv-1564-JSC (N.D. Cal.).

5. The court in that action confirmed the arbitration award in its entirety and entered judgment (the "Judgment") in favor of Plaintiff and against Defendants. *See* <u>Exhibit 2</u>: Judgment from *Milliner v. Bock et al.*, Civil Action no. 20-cv-1564-JSC (N.D. Cal.).

6. The entry of the Judgment, however, did not prompt Defendants to pay Plaintiff, and Defendants have given Plaintiff no indication that they will pay voluntarily.

7. Accordingly, Plaintiff intends to enforce the Judgment through execution and has registered the Judgment in this District in order to levy upon Defendants' property located herein. *See Hudson v. Am. Founders Life Ins. Co. of Denver*, 417 P.2d 772, 776 (Colo. 1966) ("'It is the principle and policy of the law to subject all property of the judgment debtor, not specially exempt, to the payment of his debts.'") (quoting, with express approval, *Bank of Minnesota v. Hayes*, 29 P. 90 (Mont. 1891)).

**Argument**

I. **Pursuant to Fed. R. Civ. P. 69(a)(2) and Colo. R. Civ. P. 69(i), the Court should authorize Plaintiff to take the depositions of the below-enumerated persons and entities in order to aid Plaintiff's execution on the Judgment against Defendants**

8. In actions in this District, the Court "must look to Colorado practice and procedure for post-judgment proceedings in aid of execution on a judgment." *In re Livingston*, 999 F. Supp. 1413, 1415 (D. Colo. 1998); *see also* Fed. R. Civ. P. 69(a)(2).

9. Colorado practice and procedure for post-judgment proceedings in aid of execution on a judgment are governed by Colo. R. Civ. P. 69, which provides in pertinent part: "After entry of a final money judgment, the judgment creditor, upon order of the court which may be obtained *ex parte*, may take the deposition of any person including the judgment debtor . . . ." Colo. R. Civ. P. 69(i); *see also In re Livingston*, 999 F. Supp. at 1415.

10. Pursuant to this rule, Plaintiff seeks authority to depose the following persons and entities who may possess information relevant to Plaintiff's efforts to collect the Judgment:

    a. Thomas H. Bock – Defendant and judgment debtor in the above-captioned action;

    b. Mary C. Evans – Defendant and judgment debtor in the above-captioned action;

    c. Mary Margaret Bock-Zarlengo – the wife of Defendant and judgment debtor Thomas H. Bock;

    d. Lawrence E. Gustafson – trustee of the Marymere Falls Trust Agreement, of which Defendant and judgment debtor Mary C. Evans is both settlor and sole beneficiary;

    e. B E Holdings, LLC – the Colorado limited liability company of which Defendants and judgments debtors Thomas H. Bock and Mary C. Evans are members;

    f. Zora Properties, LLC – the Colorado limited liability company of which, upon information and belief, Defendant and judgment debtor Mary C. Evans is a member.

11. Because at the time of this filing Defendants have not satisfied the Judgment, one or more depositions of the above-named persons and entities are necessary to assist Plaintiff in collecting the Judgment and should be authorized by the Court pursuant to Fed. R. Civ. P. 69(a)(2) and Colo. R. Civ. P. 69(i).

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order authorizing the depositions of the above-named persons and entities.

RESPECTFULLY SUBMITTED this 13th day of November, 2020.

                                                   <u>*s/Patrick Gillette*</u>
                                                 Patrick Gillette
                                                 REYNOLDS GILLETTE LLC
                                                 1735 N. Lafayette Street
                                                 Denver, CO 80218
                                                 (720) 442-8100
                                                 patrick@trialcolorado.com
                                                 *Attorney for Plaintiff Charlotte B. Milliner*