**Award**
**FINRA Office of Dispute Resolution**

---

In the Matter of the Arbitration Between:

| | |
|---|---|
| <u>Claimants</u><br>Charlotte B. Milliner, as trustee of the Charlotte B. Milliner Trust dated January 30, 1997, and as owner and holder of the Charlotte B. Milliner SEP IRA | <u>Case Number</u>: 14-03857 |
| vs. | |
| <u>Respondents</u><br>Thomas Herbert Bock<br>Bock Evans Financial Counsel, Ltd.<br>Mary Catherine Evans<br>Mutual Securities, Inc. | <u>Hearing Site</u>: San Francisco, California |

---

Nature of the Dispute: Customers vs. Member, Associated Persons, and Non-Member

This case was decided by a majority-public panel.

## REPRESENTATION OF PARTIES

For Claimants Charlotte B. Milliner ("Ms. Milliner"), as trustee of the Charlotte B. Milliner Trust dated January 30, 1997 ("Trust Account"), and as owner and holder of the Charlotte B. Milliner SEP IRA ("SEP IRA Account"): David Sturgeon-Garcia, Esq., The Sturgeon Law Group, Moraga, California.

Hereinafter, Ms. Milliner, Charlotte Milliner Trust and Charlotte Milliner SEP IRA are collectively referred to as "Claimants".

For Respondents Thomas Herbert Bock ("Bock"), and Mary Catherine Evans ("Evans"): Frances Menzer, Esq., HLBS Law, Westminster, Colorado.

For Respondent Mutual Securities, Inc. ("Mutual Securities"): Jason T. Dennett, Esq., Tousley Brain Stephens PLLC, Seattle, Washington.

Respondent Bock Evans Financial Counsel, Ltd. ("BEFC") did not enter an appearance in this matter.

## CASE INFORMATION

Statement of Claim filed on or about: December 22, 2014.
Claimants signed the Submission Agreement: December 16, 2014.

<span style="color:red">**Exhibit 1**</span>

Statement of Answer filed by Bock and Evans on or about: February 26, 2015.
Statement of Answer filed by Mutual Securities on or about: March 9, 2015.
Mutual Securities signed the Submission Agreement: February 19, 2015.
Bock signed the Submission Agreement: February 20, 2015.
Evans signed the Submission Agreement: February 23, 2015.

## CASE SUMMARY

Claimants asserted the following causes of action: breach of contract; breach of the duty of loyalty; breach of the duty to deal fairly and honestly with Claimants; breach of the duty of full disclosure; breach of the duty to act in good faith and in Claimants' best interest; negligence; fraud by misrepresentation and omission; failure to supervise and control; violation of federal & state securities laws; violation of statutory & common law; and violation of FINRA rules. The causes of action relate to unspecified securities.

In the Statements of Answer, Bock, Evans and Mutual Securities denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimants requested:
1. Compensatory damages;
2. Rescission;
3. Lost opportunity costs;
4. Attorneys' fees and costs;
5. Costs of suit and all other recoverable costs and expenses to the fullest extent allowed by law;
6. Interest at the maximum legal rate from the earliest possible date on all sums awarded;
7. Punitive damages; and
8. Such other and further relief as may be just and proper.

In their Statement of Answer, Bock and Evans requested:
1. Dismissal of Claimants' Statement of Claim;
2. Denial of Claimants' claims and causes of action with prejudice;
3. All filing, forum, hearing and other related fees be assessed exclusively against Claimants; and
4. Reimbursement from Claimants for all attorneys' fees, costs and disbursements, including expert witness fees.

In its Statement of Answer, Mutual Securities requested that the Arbitrators deny Claimant's request for damages.

During the hearing, Claimants requested compensatory damages plus interest of 7%, in the amount of $3,217,145.12.

## OTHER ISSUES CONSIDERED AND DECIDED

Exhibit 1

FINRA Office of Dispute Resolution
Arbitration No. 14-03857
<u>Award Page 3 of 5</u>

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

BEFC is not a member of FINRA and did not voluntarily submit to arbitration. Therefore, the Panel made no determination with respect to Claimants' claims against BEFC.

On May 14, 2015, Bock, Evans and Mutual Securities filed a joint motion to stay the arbitration proceedings. On May 26, 2016, Claimants submitted an opposition. On June 1, 2015, Bock, Evans and Mutual Securities submitted their joint reply in support of their motion. Following a pre-hearing conference held on July 27, 2015, the Panel issued an Order stating that the parties will attempt to agree upon a mutually agreeable stipulation for a stay and proposed order, to be submitted to the Panel for its approval.

On August 7, 2015, Bock and Evans submitted a letter in response to the Panel's July 27 Order, stating that the parties were not able to stipulate to a stay of this proceeding, and requested that the Panel grant the motion to stay. By letter dated August 8, 2015, Claimants submitted an objection. On August 10, 2015, Bock and Evans submitted a reply. By Order dated August 12, 2015, the Panel requested that the parties submit briefs within 10 days to inform the Panel of case status.

On August 24, 2015, Claimants submitted a response to the Panel's order, stating that Claimants had filed a class action suit against Mutual Securities in Federal Court. By Order dated September 12, 2015, the Panel requested that the parties provide a copy of Mutual Securities' response in federal court, once filed, as well as any other court-related pleadings, after which time the motion to stay would be determined.

During a pre-hearing conference held on March 21, 2016, the parties stipulated to stay the case due to the pending class action suit against Mutual Securities in Federal Court.

On May 30, 2019, FINRA ODR issued correspondence to the parties, attempting to determine the status of the arbitration case. On June 14, 2019, Claimants filed a Request to Lift the Stay. That same day, Mutual Securities provided a notice of non-opposition to lifting the stay. On June 24, 2019, Claimants submitted an Order from the Federal Court dismissing the case against Mutual Securities. On July 1, 2019, Claimants submitted a letter, advising of Claimants' settlement with and dismissal of Mutual Securities.

The parties present at the hearing have agreed that the Award in this matter may be executed in counterpart copies.

## **AWARD**

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Bock and Evans are jointly and severally liable for and shall pay to Claimants the sum of $773,527.13 in compensatory damages.

**Exhibit 1**

2. Any and all claims for relief not specifically addressed herein, including punitive damages, interest and attorneys' fees, are denied.

## FEES

Pursuant to the Code of Arbitration Procedure, the following fees are assessed:

### Filing Fees
FINRA Office of Dispute Resolution assessed a filing fee* for each claim:

 Initial Claim Filing Fee   =$ 1,575.00

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Mutual Securities is assessed the following:

 Member Surcharge   =$ 1,900.00
 Member Process Fee   =$ 3,750.00

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators that lasts four (4) hours or less. Fees associated with these proceedings are:

Four (4) pre-hearing sessions with the Panel @ $1,125.00/session   =$4,500.00
Pre-hearing conferences:

| | | |
|---|---|---|
| May 11, 2015 | 1 session | |
| July 27, 2015 | 1 session | |
| March 15, 2016 | 1 session | |
| July 26, 2019 | 1 session | |

Four (4) hearing sessions @ $1,125.00/session   =$4,500.00
Hearing Dates:

| | | |
|---|---|---|
| November 12, 2019 | 2 sessions | |
| November 13, 2019 | 2 sessions | |

Total Hearing Session Fees   =$9,000.00

The Panel has assessed $4,500.00 of the hearing session fees jointly and severally to Claimants.
The Panel has assessed $4,500.00 of the hearing session fees jointly and severally to Bock and Evans

All balances are payable to FINRA Office of Dispute Resolution and are due upon receipt.

**Exhibit 1**

FINRA Office of Dispute Resolution
Arbitration No. 14-03857
<u>Award Page 5 of 5</u>

## ARBITRATION PANEL

| | | |
|---|---|---|
| Herbert Liberman | - | Public Arbitrator, Presiding Chairperson |
| Shawn Ridgell | - | Public Arbitrator |
| Donald H. Korn | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**<u>Concurring Arbitrators' Signatures</u>**


*Herbert Liberman*  
Herbert Liberman  
Public Arbitrator, Presiding Chairperson

01/11/2020  
Signature Date


*Shawn Ridgell*  
Shawn Ridgell  
Public Arbitrator

01/13/2020  
Signature Date


*Donald H. Korn*  
Donald H. Korn  
Non-Public Arbitrator

01/12/2020  
Signature Date


January 13, 2020  
Date of Service (For FINRA Office of Dispute Resolution office use only)

<span style="color:red">Exhibit 1</span>