**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-rj-00011-DDD

CHARLOTTE B. MILLINER,

    Plaintiff,

v.

THOMAS H. BOCK; and
MARY C. EVANS,

    Defendants.

---

## MOTION FOR ENTRY OF CHARGING ORDERS

---

Plaintiff Charlotte B. Milliner, through her undersigned counsel, submits her Motion for Entry of Charging Orders as follows:

### Certificate of Compliance

In accordance with D.C.COLO.LCivR 7.1(a), Plaintiff's undersigned counsel certifies that, over the course of more than two weeks, he and his co-counsel attempted on numerous occasions to confer on this motion with Arthur Lindquist-Kleissler, the attorney purporting to represent Defendants Thomas H. Bock and Mary C. Evans. Despite multiple telephone calls and emails from undersigned counsel, and despite assurances from Mr. Lindquist-Kleissler that he would provide his clients' position on this motion, Defendants' attorney has not stated his clients' position on the relief requested herein.

## Background

1.      Plaintiff Charlotte B. Milliner ("Plaintiff") entrusted her retirement savings to Defendants Thomas H. Bock ("Mr. Bock") and Mary C. Evans ("Ms. Evans"), who were investment advisors of their firm, Bock Evans Financial Counsel, Ltd., and registered representatives of a FINRA-regulated[1] broker-dealer firm. Contrary to Plaintiff's express instructions, Mr. Bock and Ms. Evans invested her retirement savings in undiversified, high-risk, wildly-speculative foreign mining stocks. In fact, most of the securities Mr. Bock and Ms. Evans purchased into Plaintiff's accounts were extremely high-risk over-the-counter securities. Through their misconduct, which included violation of federal securities laws, FINRA Rules, and consumer protection laws, Mr. Bock and Ms. Evans decimated Plaintiff's retirement savings.

2.      In order to recover her lost retirement savings, Plaintiff filed a Statement of Claim against Mr. Bock and Ms. Evans through FINRA. Following a multi-day arbitration hearing, a unanimous FINRA arbitration panel issued a final Award in favor of Plaintiff and against Mr. Bock and Ms. Evans, jointly and severally, in the amount of $773,527.13. *See* Exhibit 1: highlighted copy of FINRA Award.[2] Pursuant to FINRA Rules, Mr. Bock and Ms. Evans were *required* to pay the arbitration award within thirty days. *See* FINRA Rule 12904(j). Mr. Bock and Ms. Evans failed to do so.

3.      When Mr. Bock and Ms. Evans failed to pay the damages awarded by the arbitrators, Plaintiff had the arbitration award confirmed and reduced to Judgment by the United

---

[1] FINRA is the acronym for Financial Industry Regulatory Authority, Inc., "a non-governmental organization that regulates professionals and firms in the securities industry." *U.S. v. Bray*, 853 F.3d 18, 23 (1st Cir. 2017).

[2] The Award can also be found on FINRA's website, Arbitration Awards Online | FINRA.org

States District Court for the Northern District of California. *See Milliner v. Bock*, Civil Action No. 20-cv-01564-JSC (N.D. Cal.); <u>Exhibit 2</u>: Judgment. Still, Mr. Bock and Ms. Evans continued to fail and refuse to pay Plaintiff.

4. Subsequently, in accordance with 28 U.S.C. §1963, Plaintiff registered the Judgment in this district in order to execute upon assets of Mr. Bock and Ms. Evans located herein. *See* ECF No. 1.

5. Now, by this motion, Plaintiff seeks to enforce her Judgment by obtaining charging orders against Mr. Bock's and Ms. Evans' respective interests in two Colorado limited liability companies, B E Holdings, LLC and Zora Properties, LLC.

6. Further, because Mr. Bock and Ms. Evans' attorney has invoked the recently-enacted Senate Bill 20-211 as a potential obstacle to the entry of charging orders, this motion also seeks an order determining the inapplicability of that legislation to the present action.

## Argument

**I. Charging orders should enter against Mr. Bock's and Ms. Evans' interests in two Colorado limited liability companies, B E Holdings, LLC and Zora Properties, LLC**

7. Plaintiff holds a final money Judgment against Mr. Bock and Ms. Evans, jointly and severally, in the original principal amount of $773,527.13.

8. As of the date of this motion, Mr. Bock and Ms. Evans have not fully satisfied Plaintiff's Judgment against them and have refused to pay the judgment voluntarily.

9. Accordingly, in order to assist Plaintiff in collection of her Judgment, Plaintiff seeks the entry of charging orders against:

    a. Mr. Bock's interest in a Colorado limited liability company, B E Holdings, LLC; and

   b. Ms. Evans' interests in two Colorado limited liability companies, B E Holdings, LLC and Zora Properties, LLC.

  10. "A charging order is a statutorily created remedy that simultaneously (1) allows a judgment creditor to realize the value of a judgment debtor-LLC member's distributional interest in an LLC (i.e., the debtor-member's right to profits and distributions from the LLC) and (2) protects the LLC's ability to continue to operate and the interests of its other members." *JPMorgan Chase Bank, N.A. v. McClure*, 393 P.3d 955, 958 (Colo. 2017). "[A] charging order allows a judgment creditor of an LLC member to obtain and enforce a lien on the 'economic value that flows from membership in an LLC.'" *Id.* "The lien attaches to the judgment debtor's distributional interest and diverts to the judgment creditor, until the judgment is satisfied, the right to receive any distributions that would otherwise have been paid to the debtor-member." *Id.*

  11. Put in plainer terms, "[a] charging order is a mechanism by which a judgment creditor may enforce its judgment by requiring an LLC to redirect the debtor-member's distributions to the creditor." *Id.* at 959.

  12. In Colorado, entry of a charging order against a judgment debtor's interest in a limited liability company is expressly permitted by section 7-80-703 of the Colorado Revised Statutes, which provides that "[o]n application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the membership interest of the member with payment of the unsatisfied amount of the judgment with interest thereon." Colo. Rev. Stat. § 7-80-703; *see also McClure*, 393 P.3d at 958; *Weinstein v. Colborne Foodbotics, LLC*, 302 P.3d 263, 267 n. 9 (Colo. 2013).

13. Colo. Rev. Stat. § 7-80-703 applies here because Mr. Bock is both a judgment debtor to Plaintiff and a member of the B E Holdings, LLC, and because Ms. Evans is both a judgment debtor to Plaintiff and a member of the B E Holdings, LLC and Zora Properties, LLC. *See id.*

14. Pursuant to Colo. Rev. Stat. § 7-80-703, the Court should enter charging orders against Mr. Bock's interest in B E Holdings, LLC and Ms. Evans' interests in B E Holdings, LLC and Zora Properties, LLC, and require both companies to over to Plaintiff's counsel, for the benefit of Plaintiff, all distributions, dividends, and profits, however denominated, that either Mr. Bock or Ms. Evans is or becomes entitled to as an owner or member of either company. *See id.*

15. Additionally, in order to prevent Mr. Bock and Ms. Evans from circumventing the effect of the charging orders, the two charged limited liability companies should be "ordered not to make capital acquisitions of property of [Mr. Bock or Ms. Evans], not to loan money to nor pay any creditor of [Mr. Bock or Ms. Evans], and not to make a sale or modification of [company] interests unless approval of the court or [Plaintiff is] first obtained." *See First Nat'l Bank of Denver v. Dist. Court*, 652 P.2d 613, 615 (Colo. 1982); Colo. Rev. Stat. § 7-80-703 (in entering a charging order, the court may "make all other orders, directions, accounts, and inquiries…that the circumstances of the case may require").

**II. Senate Bill 20-211 does *not* proscribe entry of the requested charging orders, because Mr. Bock and Ms. Evans' obligation to pay Plaintiff is not a "debt" within the meaning of the law and because Ms. Evans is not a Colorado resident**

16. In June 2020, Colorado enacted Senate Bill 20-211 ("SB 20-211"). As relevant here, SB 20-211 provides that, "[i]n order to protect Colorado residents…, a judgment creditor shall not initiate or maintain a new extraordinary collection action except in accordance with the

requirements of this section." Colo. Rev. Stat. § 24-33.5-704.3(2). "'Extraordinary collection action' means any action or proceeding in the nature of an attachment, garnishment, levy, or execution to collect or enforce a judgment on a **debt**." Colo. Rev. Stat. § 24-33.5-704.3(1)(b) (emphasis added). Under Colo. Rev. Stat. § 24-33.5-704.3(1)(a), "debt" as used in SB 20-211 "has the same meaning as set forth in section 5-16-103(8)" of the Colorado Fair Debt Collection Practices Act ("CFDCPA"), which defines the term as follows:

> (a) "Debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction, whether or not the obligation has been reduced to judgment.
>
> (b) "Debt" does not include a debt for business, investment, commercial, or agricultural purposes or a debt incurred by a business.

Colo. Rev. Stat. § 5-16-103(8)(a) and (b).

17.   As reflected in these statutory definitions and case law interpreting the same, SB 20-211 only applies to *consumer* debts, not business debts. *Id.*; *see also Ybarra v. Greenberg & Sada, P.C.*, 429 P.3d 839, 842 (Colo. 2018) (noting that the CFDCPA "clearly exclude[s] from the definition of debt any obligation to pay money incurred for many, if not all, non-consumer-related purposes."). The debt here is a business debt because it arose out of Mr. Bock and Ms. Evans' business of managing Plaintiff's investment accounts. Consequently, SB 20-211 does not apply. *See id.*; Colo. Rev. Stat. § 24-33.5-704.3(1)(a) and (b); Exhibit 1.

18.   In addition, SB 20-211 does not apply to efforts to enforce the judgment against Ms. Evans, because Ms. Evans is not a Colorado resident. *See* Colo. Rev. Stat. § 24-33.5-704.3(2) (SB 20-211 was enacted "[i]n order to protect Colorado residents."). Ms. Evans is a resident of the state of Washington. *See* Exhibit 3: Certification of Service (averring that Ms. Evans was served with process in Port Angeles, Washington); Exhibit 4: signature page from Ms. Evans'

Motion to Dismiss in *Alzado-Lotz v. Mut. Sec., Inc.*, Civil Action No. 20-cv-02928-DDD-MEH, ECF No. 10 (D. Colo.) (listing Ms. Evans' mailing address in Port Angeles, Washington).

19.     Because SB 20-211 does not apply here, the Court may enter the charging orders requested by this motion.

WHEREFORE Plaintiff Charlotte B. Milliner respectfully requests that the Court grant this motion and order:

A.  That SB 20-211, as enacted at Colo. Rev. Stat. § 24-33.5-704.3, does not apply to this case;

B.  That charging orders enter in favor of Plaintiff and against the membership interests of Mr. Bock in B E Holdings, LLC and Ms. Evans in B E Holdings, LLC and Zora Properties, LLC;

C.  That B E Holdings, LLC shall turn over to Plaintiff's counsel, for Plaintiff's benefit, all distributions, dividends, and profits, however denominated, that either Mr. Bock or Ms. Evans is entitled to as a member B E Holdings, LLC, until such time as Plaintiff's judgment herein is satisfied;

D.  That Zora Properties, LLC shall turn over to Plaintiff's counsel, for Plaintiff's benefit, all distributions, dividends, and profits, however denominated, that Ms. Evans is entitled to as a member Zora Properties, LLC, until such time as Plaintiff's judgment herein is satisfied; and

E.  That, until such time as Plaintiff's judgment herein is satisfied, B E Holdings, LLC and Zora Properties, LLC shall not make capital acquisitions of property of Mr. Bock or Ms. Evans, shall not loan money to nor pay any creditor of Mr. Bock or Ms. Evans, and shall not to make a sale or modification of company interests unless approval of the Court or Plaintiff is first obtained.

RESPECTFULLY SUBMITTED this 18th day of December, 2020.

*s/Patrick Gillette*
Patrick Gillette
REYNOLDS GILLETTE LLC
1735 N. Lafayette Street
Denver, CO 80218
(720) 442-8100
patrick@trialcolorado.com
*Attorney for Plaintiff Charlotte B. Milliner*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2020, I served true and correct copies of the foregoing **MOTION FOR ENTRY OF CHARGING ORDERS**, **EXHIBITS 1-4** thereto, and **PROPOSED ORDER** thereto via electronic mail and first class U.S. mail, postage prepaid, upon:

Arthur Lindquist-Kleissler, Esq.
LINDQUIST-KLEISSLER & COMPANY, LLC
950 S. Cherry Street, Suite 418
Denver, CO 80246
arthuralklaw@gmail.com
*Attorney for Defendants Thomas H. Bock
and Mary C. Evans*

                                                    *s/Patrick Gillette*
                                                    Patrick Gillette