**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-rj-00011-DDD

CHARLOTTE B. MILLINER,

      Plaintiff,

v.

THOMAS H. BOCK; and
MARY C. EVANS,

      Defendants.

---

**PLAINTIFF'S OBJECTION TO EVANS' CLAIM OF EXEMPTION
AND PLAINTIFF'S REQUEST FOR HEARING**

---

      Plaintiff and Judgment Creditor Charlotte B. Milliner, through her undersigned counsel, hereby objects to the Claim of Exemption filed by Judgment Debtor Mary Evans, and requests a hearing on the Claim of Exemption.

**I.    Background**

      Plaintiff Charlotte B. Milliner had entrusted her retirement savings to Defendants Thomas H. Bock ("Bock") and Mary C. Evans ("Evans") who were investment advisors of their firm, Bock Evans Financial Counsel, Ltd., and registered representatives of Mutual Securities, Inc. ("MSI"), a broker-dealer firm regulated by the Financial Industry Regulatory Authority ("FINRA"). Contrary to Ms. Milliner's express instructions, Bock and Evans invested her retirement savings in undiversified, high risk, wildly speculative foreign mining stock. In fact,

most of the securities Respondents purchased into Ms. Milliner's accounts were extremely high risk over-the-counter securities ("OTC stock"). Through their misconduct, which included violation of Federal securities laws, FINRA Rules, and consumer protection laws, Defendants decimated Ms. Milliner's retirement savings.

On January 13, 2020, FINRA entered a final Arbitration Award in favor of Ms. Milliner and against Bock and Evans, jointly and severally, in the amount of $773,527.13. Pursuant to FINRA Rules, Defendants were *required* to pay the Award within thirty (30) days. *See* FINRA Rule 12904 (j). Defendants failed to pay as required.

When Bock and Evans failed to pay these damages, Ms. Milliner had the arbitration award confirmed and reduced to judgment by the United States District Court for the Northern District of California. *See Milliner v. Bock*, Civil Action No. 20-cv-01564-JSC (N.D. Cal.). Bock and Evans continued to refuse to pay the Judgment.

Subsequently, in accordance with 28 U.S.C. §1963, Plaintiff registered the judgment in this District in order to execute upon assets of Bock and Evans located here. *See* ECF No. 1. Bock and Evans continue to fail and refuse to pay the Judgment.

**II.    The Writ of Garnishment**

"Fed.R.Civ.P.69 provides that post-judgment execution and garnishment remedies are governed by the practice and procedure of the state where the execution and garnishment action is brought." *Walk-In Med. Ctrs., Inc. v. Breuer Capital Corp.*, 778 F.Supp. 1116, 1121-22 (D. Colo. 1991); *Guidry v. Sheet Metal Workers Nat. Pension Fund*, 856 F.2d 1457, 1463-64 (10th Cir. 1988)(applying Colorado state procedural rules governing garnishments).

2

Garnishment is a remedy in aid of execution of an existing judgment that is set forth by statute and court rules.  *See* §13-54.5-101 to -110, C.R.S.2012; C.R.C.P. 103; *Zurich Ins. Co. v. Bonebrake,* 137 Colo. 37, 38, 320 P.2d 975, 976 (1958).  The purpose of garnishment is to reach assets of the judgment debtor in the hands of third parties by determining the ownership of those assets, preventing their loss or dissipation, and providing for their equitable distribution. *See Great Neck Plaza, L.P. v. Le Peep Rests., LLC,* 37 P.3d 485, 488 (Colo.App.2001); *Rocky Mountain Ass'n of Credit Mgmt. v. Hessler Mfg. Co.,* 37 Colo.App. 551, 553 P.2d 840, 843 (1976).  "A garnishment proceeding is an expedited proceeding." *Hoang v. Monterra Homes (Powderhorn) LLC*, 129 P.3d 1028, 1033 (Colo. App. 2005).

On January 1, 2021, the Clerk of the Court issued a Writ of Garnishment directed to MSI (the broker-dealer holding several brokerage accounts belonging to Evans), and directing MSI, as garnishee, to identify and hold the assets of Evans in their possession or control.  ECF No.14. The Writ specifically identified Account No. OFN-XX9622 (the "Subject Brokerage Account.")[1] *Id*.  MSI responded to the Writ by identifying four Evans' accounts, including the Subject Brokerage Account.  ECF No.17.

On February 2, 2021, Evans filed a Claim of Exemption to the Writ of Garnishment. ECF No.21.  Evans specifically identifies the Subject Brokerage Account, and reports that it holds stocks/assets with a present value of $743,545.01.  *Id*.

---

[1] The Subject Brokerage Account is the only account which is the focus of this particular garnishment proceeding.  According to Evans, two of the other identified accounts are Washington State trusts, unlike the Marymere Falls Trust, which Evans concedes is a Colorado Trust.  The Subject Brokerage Account has sufficient assets to satisfy the Writ of Garnishment. Plaintiff and Judgment Creditor reserves all rights relating to any other identified account.

**III.     Request for Hearing**

Colorado Rule of Civil Procedure 103, Section 6, sets forth the procedure for determining a judgment debtor's objection or claim of exemption. In essence, the Court is to set a hearing to determine the validity of the Judgment Debtor's objection or claim of exemption. *Id*; *Constitution Assoc. v. New Hampshire Ins. Co.,* 930 P.2d 556 (Colo. 1996)("In garnishment proceedings, C.R.C.P. 103 provides a method by which a judgment creditor may reach supposed assets of the debtor which are under the control of third parties and to determine ownership and distribution, if appropriate.").[2]

As demonstrated below, the assets in the Subject Brokerage Account are not "Exempt Property" under Colorado law, and are otherwise fully reachable by a judgment creditor.

**IV.     Argument**

A.  The Subject Brokerage Account is *not* "Exempt Property"

The "Notice to Judgment Debtor of Exemption and Pending Levy" that was issued by the Court and served on Defendant Evans explains that only certain property is exempt from execution. ECF No.14. The Notice itself provides a partial list of Exempt Property, which includes property such as household goods, food and fuel, worker's compensation, social security benefits, disability benefits, and the like. *Id*. The full list of exempt property is listed in Colo. Rev. Stat. §13-54-101 and 102. The Subject Brokerage Account is not "Exempt Property" under Colorado law. *Id*.

---

[2] Plaintiff's Counsel requests that any hearing be set for a date after March 1, 2021.

The Notice reminded Evans that it is the Judgment Debtor's burden to identify the specific code section under which exemption is claimed ("Please write the Exemption(s) listed in the Writ of Garnishment with Notice"), and to establish that a particular asset is in fact "exempt." ECF No.14.  Evans failed to meet her burden.  In fact, Evans fails to identify *any* section of Colo. Rev. Stat. §13-54-101 or 102 which might apply to the Subject Brokerage Account.  *See* Evans' Claim of Exemption.  ECF No.21.  Instead, Evans makes an entirely different argument; namely that Ms. Milliner cannot reach the assets in the Subject Brokerage Account because it is in the name of her self-settled trust: a trust she created, with her own funds, that she controls, for her own benefit.  The contention fails as a matter of law.

        B.      <u>The Subject Brokerage Account is a "Sham Trust" Reachable by Judgment Creditors, including Ms. Milliner.</u>

Evans' argument is that the Subject Brokerage Account is in the name of one of her trusts, the Marymere Falls Trust (the "Trust"), and that she can therefore hide those assets from creditors.  Not so.  As a matter of law, the Trust is considered a "sham trust" and therefore fully reachable by creditors.

The Trust Agreement itself confirms that Evans is the "grantor, co-trustee *and* beneficiary" of the Trust.[3]   These undisputed facts alone establish that the Trust is "void" as against creditors, as a matter of law.  *See* accompanying expert Declaration of Taylor Dix.

First, C.R.S. §38-10-111 declares such trusts (where the grantor is also the beneficiary) are  "void" as against creditors:

---

[3] A true and correct copy of the Trust, which was produced by Evans herself, is attached to the accompanying Declaration of Taylor Dix.  Evans also admits in her Claim of Exemption that she funded the Trust (*i.e,* she is the grantor/settler) and that she is also its beneficiary ("the Trust was funded by Mary C. Evans who is…its beneficiary.")

5

> **38-10-111. Trusts for use of grantor void against creditors.**
>
> All deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels, or things in action, or real property, *made in trust for the use of the person making the same shall be **void** as against the creditors* existing of such person.

Similarly, the Restatement (Second) of Trusts §156 (1959) provides that "[w]here a person creates *for his own benefit* a trust with a provision restraining the voluntary or involuntary transfer of his interest, *his transferee or creditors can reach his interest*."

The Colorado Supreme Court has considered this very issue, and has concluded that creditors can reach a debtor's assets placed in such trusts. In *In re Cohen,* 8 P.3d 429, 433 (Colo. 1999)(*per curiam*), the Colorado Supreme Court, citing both C.R.S. §38-10-111 and the Restatement (Second) of Trusts §156, concluded that such spendthrift trusts (where, as here, the settlor is also a beneficiary), are void as against public policy and cannot protect the settlor-beneficiary from future creditors:

> Even in jurisdictions in which spendthrift trusts are permitted, *the settlor cannot create a spendthrift trust for his own benefit*. If the owner of property transfers it in trust to pay the income to himself for life or for a period of years, and provides that his interest under the trust shall not be assignable by him and that his creditors shall not be permitted to reach it, nevertheless he can effectively assign his interest *and his creditors can reach it.* It is immaterial that in creating the trust the settlor did not intend to defraud his creditors . . . . *It is against public policy to permit a man to tie up his own property in such a way that he can still enjoy it but can prevent his creditors from reaching it*. *Id* at p.433.

The Colorado Supreme Court cited numerous other decisions and authorities which confirm that spendthrift trusts which name the settlor as beneficiary are *invalid*, and that the assets of the trust are reachable by creditors. *See e.g. Hanson v. Minette,* 461 N.W.2d 592, 595 (Iowa 1990)("While the trust contains spendthrift-type language, it is universally held that a settlor may not create a spendthrift trust in favor of himself."); *In re Johannes Trust,* 191 Mich.App. 514, 479 N.W.2d 25, 29 (1991)(concluding that the creditors could reach the assets of a "spendthrift" trust); *Miller v. Ohio Dep't of Human Servs.,* 105 Ohio App.3d 539, 664 N.E.2d 619, 621

(1995)(self-settled spendthrift trusts are void as against public policy); *Farmers State Bank v. Janish,* 410 N.W.2d 188, 190 (S.D.1987) (spendthrift trust created by beneficiary was open to garnishment by beneficiary's creditors). *Id* at p.433.

In *Pandy v. Independent Bank*, 372 P.3d 1047 (2016), the Colorado Supreme Court once again concluded that self-settled spendthrift trusts, like the Trust at issue here, are void, and therefore reachable by creditors:

> "…a debtor may not tie up his or her property in a trust in such a way as to allow the debtor to enjoy the property while preventing his or her creditors from reaching it."

> "For these reasons, we conclude that Mr. Pandy retained an ownership interest in the assets of his co-settled revocable trust and that this ownership interest was subject to the Bank's judgment lien against him." *Id* at p.1050

When debtors make this contention in bankruptcy proceedings (*i.e*. that such self-settled spendthrift trusts are separate from the debtor and therefore not part of the bankruptcy estate), Bankruptcy Courts uniformly reject the contention and conclude that such trusts are "shams." *See e.g. Peters v. Bryan*, 2010 WL 3894035, at *8 (D. Colo. Sept. 29, 2010)(holding that because the beneficiary was also the settlor of the trust, the trust was a "sham," the spendthrift clause was *not* enforceable, and the trust assets are assets of the bankruptcy estate: "In sum, I affirm the Bankruptcy Court's holding that, based upon the pleadings and trial, *the Trust is a sham under Colorado law*, its spendthrift clause is not enforceable, and therefore the Trust assets are assets of the bankruptcy Estate.")  *See also In re Alagna,* 107 B.R. 301, 308 (Bankr. D. Colo. 1989)(confirming that "a spendthrift trust which names the settlor as beneficiary is *invalid*.")

### V.     Conclusion

As demonstrated through these authorities, the Subject Brokerage Account is subject to garnishment, as a matter of law.  Accordingly, Plaintiff respectfully requests an Order directing that the sum of $511,477.72 (the amount of the Writ of Garnishment issued by the Clerk of the

Court) from the Subject Brokerage Account be delivered to Plaintiff's Counsel, to be credited to the amounts outstanding under the Judgment.

Dated: February 10, 2021                THE LAW OFFICES OF DAVID STURGEON-GARCIA

                                             By: s/ *David Sturgeon-Garcia*
                                             David Sturgeon-Garcia, Esq.
                                             THE LAW OFFICES OF DAVID STURGEON-GARCIA
                                             1100 Moraga Way, Suite 208
                                             Moraga, CA 94556
                                             Telephone: 925.235.7290
                                             Email: dsglaw@comcast.net
                                             *Attorney for Plaintiff Charlotte B. Milliner*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February 2021, I served true and correct copies of the foregoing PLAINTIFF'S OBJECTION TO EVANS' CLAIM OF EXEMPTION AND REQUEST FOR HEARING; DECLARATION OF TAYLOR DIX; via first class U.S. mail, postage prepaid, upon:

Mary Evans
P.O. Box 69
Port Angeles, WA 98362

Arthur Lindquist-Kleissler, Esq.
LINDQUIST-KLEISSLER & COMPANY, LLC
950 S. Cherry Street, Suite 418
arthuralklaw@gmail.com
*Attorney for Defendants Thomas H. Bock
and Mary C. Evans*

                                                         *s/ David Sturgeon-Garcia*
                                                         David Sturgeon-Garcia